IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| BRADLY CUNNINGHAM, | ) | |
| | ) | Civil No. 05-1310-JE |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF OREGON, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Respondent. | ) | |

  Noel Grefenson
  Attorney at Law
  1415 Liberty Street South
  Salem, Oregon 97302

    Attorney for Petitioner

  Hardy Myers
  Attorney General
  Douglas Y.S. Park
  Assistant Attorney General
  Department of Justice
  1162 Court Street NE
  Salem, Oregon 97310

    Attorneys for Respondent

///

    1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 seeking to challenge his underlying state conviction for Murder. Because petitioner's Amended Petition for Writ of Habeas Corpus contains both exhausted and unexhausted claims, petitioner should be given the option of either: (1) dismissing this action without prejudice to allow him to conclude his state collateral review proceedings; or (2) amending his Amended Petition to include only his exhausted claims with the understanding that to do so may preclude him from raising his currently unexhausted claims in a federal habeas proceeding in the future.

## BACKGROUND

Petitioner is currently serving a life sentence with a 22-year minimum in the custody of the Oregon Department of Corrections pursuant to a Murder conviction entered in Washington County on February 24, 1995. Respondent's Exhibit 101. On direct review, the Oregon Court of Appeals determined that petitioner's Murder conviction should be set aside, and the case remanded for a new trial based on an evidentiary claim. State v. Cunningham, 179 Or.App. 359, 40 P.3d 1065 (2002), petition for reconsideration allowed and opinion adhered to, 184 Or.App. 292, 57 P.3d 149 (2002).

Two years later, the Oregon Supreme Court reversed the Oregon Court of Appeals' decision and remanded the case for consideration of the remainder of petitioner's claims. 337 Or. 528, 99 P.3d 271 (2004). The Oregon Court of Appeals proceeded to deny relief on

2 - FINDINGS AND RECOMMENDATION

petitioner's remaining claims without opinion, and the Oregon Supreme Court denied review. 197 Or.App. 264, 105 P.3d 929 (2005), rev. denied 339 Or. 406, 122 P.3d 64 (2005).

Petitioner next filed for post-conviction relief ("PCR") in Marion County, but the PCR trial court dismissed petitioner's case. Respondent's Exhibit 104. However, on February 16, 2007, the Oregon Court of Appeals granted a joint motion to vacate the PCR trial court's judgment and remand the case for further consideration. Respondent's Exhibit 107. Consequently, petitioner's PCR case is still at the trial stage.

Petitioner filed his Amended Petition for Writ of Habeas Corpus on March 3, 2006. Because petitioner's claims are adequately stated in the Amended Petition and the State's Response, the court need not repeat them here. Respondent has not yet responded to the merits of petitioner's claims, and instead asks the court to dismiss the Amended Petition because it is premature.

## DISCUSSION

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v.

3 - FINDINGS AND RECOMMENDATION

Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a petitioner presents a federal court with both exhausted and unexhausted claims, his petition is said to be "mixed". Jefferson v. Budge, 419 U.S. 1013, 1015 (9th Cir. 2005).

In this case, petitioner concedes that "he has raised a federal shackling claim in both his state post-conviction [case] and this habeas proceeding such that, absent exhaustion, his habeas petition is mixed." Reply (#40), p. 5. Petitioner's due process claim based on his alleged shackling at trial is contained in Ground 10 of his Amended Petition and reads as follows:

> the trial court forced petitioner to wear a rigid leg brace which the jury observed during trial proceedings. The trial court's decision to require petitioner to wear a brace was unreasonable as petitioner had no history of establishing a risk of violence or escape. The trial court further issued a pretrial ruling that "no indicia of incarceration" would occur during the trial, yet failed to take reasonable measures to ensure that petitioner's restraints were not observed by the jury. This error was substantial and injurious and was not harmless beyond a reasonable doubt. The error raised an inference of culpability and interfered with petitioner's ability to present his defense.

Amended Petition (#23), p. 17. Petitioner asserts that he presented this claim during his direct appeal, thus his Amended Petition is not mixed.

The record in this case reveals that during petitioner's direct review, the Oregon Court of Appeals allowed him leave to file a supplemental *pro se* appellant's brief where he included a shackling claim. Petitioner's Exhibit 2, p. 17. In his Petition

4 - FINDINGS AND RECOMMENDATION

for Review, petitioner's 15th issue presented was as follows: "Whether the arguments in defendant's pro se supplemental brief provide grounds for relief." Petitioner's Exhibit 4, p. 4. The Petition for Review also contained a footnote which sought to "incorporate[] all issues and bases for relief that were raised in his multiple pleadings before the Oregon Court of Appeals. . . ." Id at 1.

Respondent argues that the shackling claim presented in petitioner's Supplemental *Pro Se* Appellant's Brief is not identical to the one he raises in this proceeding. The court need not make such a determination, however, because petitioner did not raise his shackling claim in his Petition for Review in a context in which the Oregon Supreme Court would have considered the merits of the claim. Specifically, as noted above, petitioner's Petition for Review sought to incorporate by reference all claims from his Supplemental *Pro Se* Appellant's Brief. This method is not contemplated by the Oregon Rules of Appellate Procedure, was not specifically authorized by the Oregon Supreme Court in this case, and has been rejected by the U.S. Supreme Court. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) ("ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material . . . that does so."); see also Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005) (in order to exhaust, a petitioner

5 - FINDINGS AND RECOMMENDATION

must present his federal constitutional issue "within the four corners of his appellate briefing.").

Petitioner also asserts that he fairly presented his shackling claim in a state habeas corpus petition which he filed directly with the Oregon Supreme Court on July 8, 2005. However, state habeas corpus review is not available to an Oregon prisoner who, like petitioner, "is eligible to obtain post-conviction relief pursuant to ORS 138.510 to 138.680." ORS 34.330(3). Because petitioner has clearly availed himself of Oregon's PCR process, his state habeas petition was not properly filed and was therefore insufficient to fairly present his claim to the Oregon Supreme Court.

As petitioner has not fairly presented his shackling claim to the Oregon courts, his Amended Petition is mixed. Under limited circumstances, this court has the authority to stay this habeas corpus action while petitioner concludes his PCR action in Oregon's state courts. Rhines v. Weber, 125 S.Ct. 1528 (2005). The Rhines Court concluded that district courts may stay federal habeas cases arising out of mixed petitions only where there is "good cause for the petitioner's failure to exhaust his claims first in state court." Id at 1535; Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005). Good cause exists where a litigant is reasonably confused about whether a state PCR action is "properly filed" under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") sufficient to toll AEDPA's one-year statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

6 - FINDINGS AND RECOMMENDATION

The State asserts that none of the concerns at issue in both Rhines and Pace are present in this case, and the court agrees. It is clear that petitioner's current PCR action was properly filed, as respondent admits that "there is no doubt that petitioner's currently pending state PCR is tolling AEDPA's statute of limitations." Response (#37), p. 10. Respondent also takes the position that if the Oregon PCR courts reject petitioner's claims, he will still have a full year from the date the appellate judgment issues to refile for federal habeas corpus relief, which is the maximum allowable period of time allowed by statute. Id; 28 U.S.C. § 2241(d). Consequently, there is no confusion in petitioner's case regarding his ability to comply with AEDPA's statute of limitations.

Because petitioner presents the court with a mixed petition, and as there is no reasonable confusion over the statute of limitations or other good cause shown to justify staying this case, the court should give petitioner the option of either: (1) dismissing this action without prejudice to allow him to conclude his state collateral review proceedings before refiling this federal habeas corpus action; or (2) amending his Amended Petition to include only his exhausted claims. See Rose v. Lundy, 455 U.S. 509, 510 (1982); Tillema v. Long, 253 F.3d 494, 503 (9th Cir. 2001). Petitioner should be advised that if he chooses the latter option, he "would risk forfeiting consideration of his unexhausted claims in federal court." Rose, 455 U.S. at 520.

///

7 - FINDINGS AND RECOMMENDATION

**RECOMMENDATION**

For the reasons identified above, the court should give petitioner the option of either: (1) dismissing this action without prejudice to allow him to conclude his state collateral review proceedings before refiling this federal habeas corpus action; or (2) amending his Amended Petition to include only his exhausted claims.

**SCHEDULING ORDER**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 17 day of April, 2007.

*/s/ John Jelderks*
John Jelderks
United States Magistrate Judge