IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| BRADLY CUNNINGHAM, | ) | |
| | ) | |
| Petitioner, | ) | Civil Case No. 05-1310-JE |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF OREGON, | ) | |
| | ) | |
| Respondent. | ) | |

Noel Grefenson
1415 Liberty Street South
Salem, Oregon  97302

    Attorney for Petitioner

Hardy Myers
Attorney General
Douglas Y.S. Park
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon  97310

    Attorneys for Respondent

Page 1 - ORDER

KING, Judge:

The Honorable John Jelderks, United States Magistrate Judge, issued Findings and Recommendation on April 12, 2007 (referred to hereinafter as "Findings"). The matter is before this court. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Petitioner Bradly Cunningham filed objections to the Findings, and respondent State of Oregon filed a response.

When either party objects to any portion of the Magistrate's opinion, the district court must make a *de novo* determination of that portion of the Magistrate's report. See 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

Having given a *de novo* review of the issues raised in plaintiff's objections to the Findings, I find no error.

Petitioner argues that he fairly presented to the Oregon Supreme Court his claim that he was shackled at trial in violation of his due process rights; as a result, he claims he has exhausted his state remedies such that he may bring this habeas corpus petition pursuant to 28 U.S.C. § 2254. Judge Jelderks concluded that petitioner failed to raise the shackling claim in his Petition for Review "in a context in which the Oregon Supreme Court would have considered the merits of the claim." Findings at 5.

As Judge Jelderks noted, petitioner included as his fifteenth legal question his request that the Oregon Supreme Court consider the arguments in the pro se supplemental brief he had previously filed with the Oregon Court of Appeals. He did not mention his shackling claim at this early point in his brief. It was only on page 43 of a 45-page petition, in the argument section of his petition, that he identified his concern as follows: "Assignment of error no. 35, concerning

the trial court having allowed the jury to see the defendant in restraints. Among other things, this assignment implicates the due process protections of the Fifth and Fourteenth Amendments." Petitioner's Exhibit 4 at 43.

    Neither petitioner nor respondent cite a case with facts similar to those presented here, and I am unable to find any. After long consideration, I conclude that petitioner failed to set forth his claims in a way that "afford[ed] the state courts a meaningful opportunity to consider allegations of legal error." <u>Casey v. Moore</u>, 386 F.3d 896, 915-16 (9th Cir. 2004). Here, petitioner failed to comply with Oregon Rule of Appellate Procedure 9.05(4) (2007). Pursuant to that rule, petitioner is required to present a short statement of the facts, and list "[c]oncise statements for the legal question or questions presented on review and of the rule of law that the petitioner on review proposes be established, if review is allowed." Only "[i]f desired, and space permitting" should the petitioner include "a brief argument concerning the legal question or questions presented on review."

    It appears to me, then, that the Oregon Supreme Court focuses on the legal questions presented in the beginning of the petition for review, and where petitioner merely asks "[w]hether the arguments in defendant's pro se supplemental brief provide grounds for relief," without even referring the Court to the more detailed errors itemized on page 43 of his brief, he has failed to provide the Oregon Supreme Court with an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (per curiam) (quotation omitted).

Page 3 - ORDER

Accordingly, I ADOPT Magistrate Judge Jelderks' Findings and Recommendation (#51). IT IS HEREBY ORDERED that petitioner has the option of either: (1) dismissing this action without prejudice to allow him to conclude his state collateral review proceedings before refiling this federal habeas corpus action; or (2) amending his Amended Petition to include only his exhausted claims.

IT IS SO ORDERED.

Dated this ___17th___ day of May, 2007.

_____
Garr M. King
United States District Judge